IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:92CR12 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TRACY N. LOMAX, a.k.a. | ) | **AND ORDER** |
| AHAD HASAN, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant distributed over 12 kilos of "crack." Since the retroactive amendment to the "crack" Guidelines do not result in a change in the defendant's sentencing *range* (it remains life in prison), the defendant's motion must be denied because I lack the power to give him any relief.[1] *See, e.g.*, United States v. Valentine, —F. Supp. 2d —, 2008 WL 2695944 at * 3-4 (D. Neb., July 9, 2008) (holding that where a defendant was held responsible for distribution of 5 kilos of "crack," and the defendant's sentencing range was not changed by amendments to the "crack" Guidelines, the court had no power to reduce the defendant's sentence under U.S.S.G. § 1B1.10(a)(2)(B) (2008) and 18 U.S.C. § 3582(c)(2).)

IT IS ORDERED that the defendant's request for an evidentiary hearing and motion to reduce sentence pursuant to crack cocaine amendment (filing 747) are denied. The probation officer is directed to file a copy of the "Retroactive Sentencing Worksheet" in the court file.

September 10, 2008.                    BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge

---

[1] I would reduce his sentence under 18 U.S.C. § 3553(a) if I had the power and the discretion to do so. As I said a long time ago, a life sentence for this young man is far too long. *United States v. McMurray*, 833 F. Supp. 1454, 1485 (D. Neb. 1993).