IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:92CR12-2 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TRACY N. LOMAX, | ) | |
| | ) | |
| Defendant. | ) | |

    This is a highly unusual case. I herewith appoint David R. Stickman, the Federal Public Defender, to pursue a 28 U.S.C. § 2255 motion.

    Summarized and condensed, it now appears that I may have denied Mr. Lomax due process of law when I improperly relied upon the presentence investigation report at the time of the original sentencing. I relied upon paragraph 91 of the presentence investigation report stating that the "provisions of Sec. 5G1.3 are moot since the guideline sentence is life." It may also be that his defense counsel (Lawrence G. Whelan) was ineffective for failing to bring this error to my attention at the time of sentencing. There may also be other theories that would justify relief regarding the erroneous presentence investigation report and my reliance upon it.

    In this regard, I do not believe such a 2255 motion would be successive given the fact that the issue of whether my original sentence was consecutive or concurrent had not arisen at the time of an earlier motion to vacate. See *Deroo v. United States*, 709 F.3d 1242, 1244-45 (8th Cir. 2013). I further note that Mr. Lomax acted with due diligence by filing a motion to clarify sentence (filing no. 815) within five months of my order reducing his sentence from life to 360 months (filing no. 812) under Amendment 782.

    IT IS ORDERED that Federal Public Defender David R. Stickman is appointed to represent Mr. Lomax and shall file a motion pursuant to 28 U.S.C. § 2255 regarding

the matter outlined above. The Clerk shall mail a copy of this Memorandum and Order to Mr. Lomax.

Dated October 6, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge