IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRACY N. LOMAX, a/k/a, ) <br> Ahad Hasan, ) <br> ) <br> Defendant. ) <br> ) | 8:92CR12 <br><br> MEMORANDUM AND ORDER |

Proving once again that no good deed goes unpunished, Lomax has filed a § 2255 motion asserting that David Stickman, the Federal Public Defender, was ineffective in his representation in an entirely successful but earlier § 2255 motion. In a word, this second motion is frivolous.

In brief, I sentenced Lomax to life in prison (which was the Guideline minimum) in 1993 for trafficking in a boatload of crack cocaine from the west coast to Omaha, Nebraska plus lesser penalties for various related offenses that the jury found Lomax guilty of committing. (Filing no. 454.) Fast forward 20 plus years, and Amendment 782 is passed. Mr. Stickman representing Lomax sought relief and I reduced the longest sentence from life to 360 months pursuant to the Amendment and reduced the other sentences in a similar manner. (Filing no. 812, filing no. 834.)

There was a problem, however, for Lomax. When I first sentenced Lomax I was silent about whether the life sentence should be served consecutive or concurrent with earlier federal drug case in Oregon. By the time I sentenced Lomax in 1993, he had served about 7 months on the 78 month prior Oregon sentence.

Subsequent to granting him relief under Amendment 782, Lomax asked in a pro se filing to make the Nebraska sentences *concurrent* with the Oregon sentence. He specifically stated, "I pray that this Honorable Court Intention is to run these two sentences Concurrent and convey that intention to the BOP and my unit team." (Filing no. 815.) The government rightly contended that I had no power to do so under the Amendment because the statute that provided for the imposition of reduced sentences by retroactive Guideline changes did not allow any other changes in the earlier judgment.

I conferred with counsel. The government tentatively agreed that because of the recently reduced Amendment 782 sentences, Lomax might be able to file a § 2255 motion that was neither successive nor out of time if there was a good faith basis to do so. This was because the first time the issue meaningfully arose (concurrent vs. consecutive) was when I reduced the most serious sentence from life to 360 months.

I then appointed Mr. Stickman to bring such a motion on the theory that I should have made a decision about whether to run the Nebraska sentences concurrent or consecutive with the Oregon sentence and that trial and sentencing counsel were ineffective for failing to urge me to address the issue and run them concurrently. Stickman then filed such a motion asking for such relief only: "WHEREFORE, Ahad Hasan moves this Court to correct the sentence in this case to reflect that it should run concurrently with the sentence in United States v. Lomax, No. CR92-158 in the United States District Court for the District of Oregon." (Filing no. 828.) That was the exact relief that Lomax had earlier asked for in filing no. 815.

The government conceded (filing no. 831 ¶ 3) that trial and sentencing counsel were ineffective in 1993 for not pressing the issue that the Nebraska sentences (including the life sentence) should be served concurrently with the Oregon sentence. As to the other arguments for relief, the government argued that they were not meritorious. Accordingly, with Stickman's agreement, I entered an amended judgment

2

on February 19, 2016 making the Nebraska sentences run concurrent with Oregon sentence effective on the date of my original judgment. That is:

> IT IS ORDERED that judgment is entered against the United States of America and for the defendant Tracy N. Lomax, a/k/a Ahad Hasan, providing that all sentences imposed in the Judgment in this case (filing no. 454) entered on or about October 29, 1993, shall be served concurrently with the sentence imposed in the United States District Court for the District of Oregon in CR92-158-01 (described in ¶ 52 of the Lomax PSR (filing no. 821). This relief is retroactive to the date of the original judgment. The defendant's section 2255 Motion to Vacate Sentence (filing no. 828) is granted to the extent of the ineffective assistance of counsel claim, but it is otherwise denied.
>
> (Filing no. 836.)

In short, Lomax got everything he asked for both personally and through counsel. Stickman was not in any manner ineffective for doing exactly what Lomax wanted. On the contrary, he pulled a rabbit out of the proverbial hat for Lomax.[1] Furthermore, the government cut square corners in seeing to it that Lomax received no more and no less than the justice he was due.

IT IS ORDERED that:

---

[1] To the extent that Lomax argues that Stickman should have sought *additional* relief for the seven months he had already served in Oregon when I sentenced him in Nebraska in 1993, his argument is specious. First, in 2015 and 2016, he never asked for such relief. Second, it would have been legally impermissible, not to mention impossible, to have reduced the otherwise mandatory life sentence under the Guidelines by the discharged term of imprisonment in Oregon (7 months) at the time of the 1993 sentence. Thus, trial and sentencing counsel could not have been ineffective for not asking for such relief, Stickman could not have been ineffective for failing to assert such a claim, and Lomax was not legally prejudiced. Third, and finally, I affirmatively state that I would not have done so even had I the discretion and practical ability to do so in 1993, 2015 or 2016.

1. The § 2255 motion (filing no. 851) is denied and dismissed with prejudice.

2. Judgment will be entered by separate document.

3. No certificate of appealability is issued.

DATED this 15th day of August, 2016.

>BY THE COURT:
>
>s/ *Richard G. Kopf*
>Senior United States District Judge